IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CECILIA HARMON<br><br>              Plaintiff,<br><br>  v.<br><br>MICHAEL ASTRUE<br>    Commissioner of the Social<br>    Security Administration<br><br>              Defendant. | No. 10-5527 |

March 26, 2012

**MEMORANDUM & ORDER**

On November 10, 2011, United States Magistrate Judge Timothy R. Rice filed a Report and Recommendation (Doc. No. 13) granting plaintiff Cecilia Harmon's request for review and recommending remand for further proceedings before the Commissioner of the Social Security Administration. No objections were filed. Upon consideration of the record of the administrative proceedings, the submissions by the parties, and Judge Rice's Report and Recommendation ("R & R"), I will approve and adopt Judge Rice's R & R.

1

The R & R sets out the factual and procedural background of this case, and I therefore provide only a brief summary here. In a decision dated January 29, 2010, the administrative law judge ("ALJ") denied Harmon's request for review of the agency's determination that she did not qualify for supplemental security income ("SSI"). Based on medical evidence and Harmon's testimony, the ALJ determined that Harmon had the "residual functional capacity" required to perform "light work," with a mental limitation to "simple, routine, repetitive work in a stable environment, making only simple decisions, and having to carry out only very short and simple instructions." The ALJ then conducted the required five-step analysis. *See* 20 C.F.R. § 416.920. At step four of the analysis, the ALJ concluded, on the basis of a vocational expert's testimony, that Harmon was "capable of performing past relevant work as a cashier," and that she therefore did not qualify for SSI. Harmon requested review by the Appeals Council, which denied her request on August 23, 2010.

On November 4, 2010, Harmon filed a complaint in the District Court for the Eastern District of Pennsylvania seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). In seeking review, Harmon's primary contention is that substantial evidence does not support the ALJ's determination that she was capable of performing work as a cashier because the mental limitation the ALJ identified would prevent Harmon from performing the job of cashier as it is defined in the Dictionary of Occupational Titles ("DOT"). Harmon argues that the ALJ improperly relied on the vocational expert's

testimony that she could perform her past relevant work as a cashier because the mental limitations identified by the ALJ are inconsistent with the conclusion that Harmon is capable of level-three reasoning, which, according to the DOT, is required to perform the job of cashier.[1]

On July 27, 2011, this court referred Harmon's case to Magistrate Judge Rice. In his R & R, Judge Rice concluded that the vocational expert's testimony that Harmon could perform the work of a cashier, despite the mental limitations identified by the ALJ, was inconsistent with the DOT's requirement of a logical reasoning level of three to perform the duties of a cashier. Because the ALJ did not address this discrepancy, and because the record does contain other evidence substantially supporting the ALJ's determination that Harmon could perform her past relevant work as a cashier, Judge Rice concluded that the ALJ's decision was not supported by substantial evidence.

The parties have not presented any objections to Judge Rice's R & R. Having reviewed the record, in order to give "reasoned consideration to the magistrate's report before adopting it as the decision of the court," I agree with Judge Rice's findings and conclusions. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Accordingly, I will approve and adopt the Judge Rice's R & R. An appropriate

---

[1] DOT § 544.582-010 defines level three reasoning skills to as those skills necessary to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "deal with problems involving several concrete variables in or from standardized situations."

order follows.

## ORDER

**AND NOW,** this 26th day of March, 2012, upon consideration of Harmon's request for review (Doc. No. 9), the Commissioner's response thereto (Doc. No. 10), and Harmon's reply to the Commissioner's response (Doc. No. 11), together with the record of proceedings before the ALJ, and after review of the Report and Recommendation of United States Magistrate Timothy R. Rice (Doc. No. 13), to which no objections were filed, and for the reasons provided in the above memorandum, it is hereby ordered:

1. The Report and Recommendation is **APPROVED** and **ADOPTED;**

2. Harmon's request for review is **GRANTED** insofar as Harmon requests a remand; and

3. The matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Memorandum and Order.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.